## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN HENDERSON MICHAEL, | : | |
| | : | |
| Petitioner, | : | Civ. No. 14-7429 (KM) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HOMELAND SECURITY, et al., | : | |
| | : | |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

### I.      INTRODUCTION

The petitioner, Brian Henderson Michael, is an immigration detainee at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed without prejudice.

### II.      BACKGROUND

The Court received Mr. Michael's habeas petition on November 24, 2014. He states that he was placed in immigration detention on April 21, 2014, after he completed a state criminal sentence for aggravated assault. He remains in immigration detention while his application for cancellation of removal and for asylum have been pending. His final immigration hearing was scheduled for November 24, 2014. Citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), he claims that his current immigration detention has exceeded a "reasonable period of time." He requests an immediate bond hearing to determine whether his continued immigration detention is justified.

### III.    LEGAL STANDARD:  *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order
> directing the respondent to show cause why the writ should not be
> granted, unless it appears from the application that the applicant or
> person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.    LEGAL STANDARD:  IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens in removal proceedings before the

issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien

before an order of removal has been entered is governed by Section 1226 of Title 8 of the United

States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a

decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to
> be removed from the United States. Except as provided in
> subsection (c) of this section and pending such decision, the
> Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and
>         containing conditions prescribed by, the Attorney General;
>     (B) conditional parole; . . .

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section

1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

~~The Attorney General shall take into custody any alien who –~~

> (A) is inadmissible by reason of having committed any offense
>      covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense
>      covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of
>      this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the
>      basis of an offense for which the alien has been sentence to a
>      term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or
>      deportable under section 1227(a)(4)(B) of this title,

> when the alien is released, without regard to whether the alien is
> release on parole, supervised release, or probation, and without
> regard to whether the alien may be arrested or imprisoned again for
> the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop*, the United States Court of Appeals for the Third Circuit established a framework

for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit
> limitation on reasonableness:  the statute authorizes only
> mandatory detention that is reasonable in length. After that, §
> 1226(c) yields to the constitutional requirement that there be a
> further, individualized, inquiry into whether continued detention is
> necessary to carry out the statute's purpose. . . . Should the length
> of [an alien's] detention become unreasonable, the Government
> must justify its continued authority to detain him at a hearing at
> which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention, beyond

which petitioner would be entitled to a hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13-

3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a

'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v.*

*Attorney Gen.*, 678 F.3d 265, 270-71 (3d Cir. 2012)); *Barcelona v. Napolitano*, No. 12-7494,

2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to

~~adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal~~

detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* "A court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments, or alternatively to the immigration judge's errors or the government's sluggishness in obtaining evidence." *Wilson v. Hendricks*, No. 12-7315, 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013) (citing *Diop*, 656 F.3d at 234); *see also Barcelona*, 2013 WL 6188478, at *1.

## V.    ANALYSIS

Mr. Michael has been in immigration detention since April 21, 2014, a period of approximately seven-and-one-half months. For guidance, I consider cases that apply *Diop*, analyzing the permissibility of periods of pre-removal detention for periods in the range of one year. District Judge Salas recently surveyed some of those cases:

> For example, a detainee's one-year detention period was recently found not unreasonable under *Diop*. [*See*] *Dilone v. Shanahan*, No. 12-7894, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013). In another case, the detention was found unreasonable where, "[a]t the time of th[e] Opinion, [the petitioner] will have been held in mandatory detention, without any bond hearing, for more than one year." *See Francois v. Napolitano*, No. 12-2806, 2013 WL 4510004, at *4 (D.N.J. Aug. 23, 2013). Conversely, a detention period of two years was found not to violate due process, *Gonzalez v. Aviles*, No. 13-3413, 2013 WL 5467114, at *3 (D.N.J. Sept. 30, 2013), as was a period of eighteen months[.] [*S]ee Sessay v. Hendricks*, No. 12-2667, 2013 WL 4537709, at *4 (D.N.J. Aug. 27, 2013).

*Skinner v. Bigott*, No. 13-4299, 2014 WL 70066, at *4 (D.N.J. Jan. 8, 2014).

Another district court in this Circuit noted that "[w]hile periods of detention which significantly exceed one year may trigger constitutional concerns . . . detention periods of up to two years have been sustained by the courts where a criminal alien is subject to mandatory detention and much of the pre-removal delay is a function of that criminal alien's litigation decisions during removal proceedings." *Ryan v. Decker*, No. 13-682, 2013 WL 3973074, at *5 (M.D. Pa. July 31, 2013) (internal citations omitted). These cases confirm that the reasonableness inquiry takes into account, not just the length of the pre-removal detention, but all of the surrounding circumstances.

I hold that Mr. Michael's continued immigration detention for seven-and-one-half months has not yet reached the level of unreasonableness under *Diop. Accord Cruz v. Holder*, No. 14-5529, 2014 WL 4678039, at *4 (D.N.J. Sept. 19, 2014) (holding that petitioner's pre-removal immigration detention period of approaching one year was not unreasonable under *Diop*);   *Dubois v. Holder*, No. 14-0358, 2014 WL 674023, at *5 (D.N.J. Feb. 20, 2014) (holding that petitioner's pre-removal order immigration detention period of eleven months was not unreasonable under *Diop*); *Dilone*, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013) (one year pre-removal immigration detention period not unreasonable under *Diop*). Some portion of that period is no doubt attributable to Mr. Michael's decision to challenge removal; his application for cancellation of removal and for asylum are pending. Mr. Michael admits that his final immigration hearing was scheduled, but adjourned for two months at his own request.

The length of detention aside, it appears as if Mr. Michael's immigration proceedings are nearing completion (if they have not done so already). His petition states that the adjourned date of his final immigration hearing before the Immigration Judge was November 24, 2014.

Based on all of these circumstances, the habeas petition will be dismissed. This dismissal, however, will be without prejudice to another application, should Mr. Michael's pre-removal detention continue for an additional substantial period of time.

### VI.    CONCLUSION

For the foregoing reasons, the habeas petition is dismissed without prejudice. An appropriate order will be entered.

DATED: December 9, 2014

_____
KEVIN MCNULTY
United States District Judge